**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NETCONNECT WIRELESS LLC<br><br>*Plaintiff,*<br><br>vs.<br><br>SAGEMCOM BROADBAND SAS; SAGEMCOM USA LLC<br><br>*Defendant.* | CASE NO. : 2:26-CV-00696<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

NetConnect Wireless LLC ("NetConnect" or "Plaintiff") files this Complaint against Sagemcom Broadband SAS and Sagemcom USA LLC (collectively "Sagemcom" or "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

## THE PARTIES

2. NetConnect is a limited liability company organized under the laws of the State of Texas and its address is 6136 Frisco Square Blvd., Frisco, Texas 75034-3246.

3. Upon information and belief, Sagemcom Broadband SAS is a French *société par actions simplifiée* (simplified joint-stock company) with a place of business located at 4 Allée des Messageries, 92270 Bois-Colombes, France.

4. Upon information and belief, Sagemcom USA LLC is a limited liability company duly organized and established under the laws of Delaware with a principal place of business at 1303 W President George Bush Hwy, Richarson, TX 75080.

5. Upon information and belief, Sagemcom conducts business either directly or indirectly through its agents on an ongoing basis in this District and elsewhere in the United States. Upon information and belief, Sagemcom imports, markets, offers, distributes, sells, and/or offers for sale the Accused Products (exemplary products identified below) throughout the United States, the State of Texas, and this District.

**JURISDICTION AND VENUE**

6. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Sagemcom Broadband SAS because Sagemcom Broadband SAS regularly conducts business and has committed acts of patent infringement and/or has induced or contributed to acts of patent infringement by others in this District and in the State of Texas. Sagemcom Broadband SAS directly and/or through subsidiaries or intermediaries, such as Sagemcom USA LLC, has committed acts of infringement and continues to commit acts of infringement in this District by making, using, selling, offering to sell, and/or importing its Accused Products that infringe one or more of NetConnect's patents.

8. Sagemcom Broadband SAS purposefully directs its Accused Products into established distribution channels within this District and the United States. Further, Sagemcom Broadband SAS induces its subsidiaries, affiliates, distributors, retail partners, and customers to make, use, sell, offer for sale, and/or import into the United States, including within this District, its Accused Products and place those products into the stream of commerce via established distribution channels knowing that such products would be sold and used in the United States, in Texas, and in the Eastern District of Texas. For example, based on information and belief,

Sagemcom causes telecommunication companies and others such as T-Mobile to distribute its Accused Products in this District and the United States.




Source: https://www.t-mobile.com/support/home-internet/sagemcom-gateway

9. This Court has personal jurisdiction over Sagemcom USA LLC because it does business in this forum, including at least at its principal place of business in Texas at 1301 W President George Bush Hwy, Richardson, TX 75080.




Source: https://www.sagemcom.com/en/sagemcom-worldwide

10. Venue is proper against both Sagemcom Broadband SAS and Sagemcom USA LLC in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

11. Venue is proper against Sagemcom Broadband SAS because Sagemcom Broadband SAS is not a resident of the United States, and may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3).

12. Venue is proper against Sagemcom USA LLC because Sagemcom USA LLC is a resident of this judicial district. On information and belief, Sagemcom USA LLC maintains its principal place of business in this judicial district at 1301 W President George Bush Hwy, Richardson, TX 75080.

**ASSERTED PATENTS**

13. NetConnect is the owner and the assignee of U.S. Patent No. 7,676,723 (the "'723 Patent"), entitled "Method for the protected transmission of data, particularly transmission over an air interface." NetConnect has ownership of all substantial rights in the '723 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '723 Patent is attached as **Exhibit A**. Claim 1 is an example of the claims asserted in the '723 Patent.

14. Claim 1: Method for protected transmission of data packets, the method comprising:

a) dividing at least one of the data packets into a sequence of data blocks, dividing at least one of the data blocks into a sequence of data, wherein a coding for each data in said sequence of data is represented by a sequence of a predefined number of on and off values,

b) forming a protection datum from the sequence of data and a protection block from the sequence of data blocks,

c) generating a first data request to repeat transmission of said sequence of data if the protection datum transmitted together with the data differs from a protection datum formed in a same manner upon receipt of at least one data block, and

d) generating a second data request to repeat transmission of said at least one data block if the protection block transmitted together with the data blocks differs from a protection block formed in a same manner upon receipt of at least one data packet.

15. The ’723 Patent is valid, enforceable, and was duly and legally issued on Mar. 9, 2010, in full compliance with Title 35 of the United States Code.

16. NetConnect is the owner and the assignee of U.S. Patent No. 8,111,660 (the “’660 Patent”), entitled “Method and transmitter for transmitting data in a multi-carrier system via a number of transmitting antennas.” NetConnect has ownership of all substantial rights in the ’660 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the ’660 Patent is attached as **Exhibit B**. Claim 1 is an example of the claims asserted in the ’660 Patent.

17. Claim 1: A method of transmitting data by radio, comprising:

using a plurality of subcarriers of a frequency band and a plurality of antennas for transmission such that each antenna transmits data using the plurality of the subcarriers;

dividing data for transmission into a plurality of elements such that the number of data elements corresponds to the number of subcarriers;

for each antenna, assigning each element to a subcarrier for transmission, such that for at least two antennas and at least one subcarrier, different elements are assigned to said one subcarrier; and

before performing an OFDM modulation for each antenna, multiplying each element by an antenna-specific and an element-specific factor.

18. The ’660 Patent is valid, enforceable, and was duly and legally issued on Feb. 7, 2012, in full compliance with Title 35 of the United States Code.

19. NetConnect is the owner and the assignee of U.S. Patent No. 8,170,476 (the “’476 Patent”), entitled “Emission power control for packet transmission.” NetConnect has ownership of all substantial rights in the ’476 Patent, including the right to exclude others and to enforce, sue

and recover damages for past and future infringement. A true and correct copy of the ’476 Patent is attached as **Exhibit C**. Claim 1 is an example of the claims asserted in the ’476 Patent.

20. Claim 1: A method for transmitting data packets in a radio system between a transmitter and a receiver, comprising:

determining a specified nominal emission power for a data packet relative to a required reception quality;

transmitting the data packet with a first effective emission power, the first effective emission power being the nominal emission power or an emission power deviated from said nominal emission power due to certain boundary conditions;

when the first effective emission power is less than the specified nominal emission power,

deriving a new nominal emission power by adding the difference between the first effective emission power and the specified nominal emission power to the specified nominal emission power;

retransmitting the data packet with a second effective emission power, the second effective emission power being the new nominal emission power or an emission power deviated from the new nominal emission power due to certain boundary conditions; and

repeating the deriving and retransmitting until the effective applied emission power is equal to the specified nominal emission power; and

when the first effective emission power is greater than or equal to the specified nominal emission power, retransmitting the data packet with the specified nominal emission power.

21. The ’476 Patent is valid, enforceable, and was duly and legally issued on May 1, 2012, in full compliance with Title 35 of the United States Code.

22. NetConnect is the owner and the assignee of U.S. Patent No. 8,433,326 (the "'326 Patent"), entitled "Radio network and method for transmitting data in a radio network." NetConnect has ownership of all substantial rights in the '326 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '326 Patent is attached as **Exhibit D**. Claim 1 is an example of the claims asserted in the '326 Patent.

23. Claim 1: A radio network, comprising:

frequency channels;

devices transmitting data which use one of the frequency channels for a duration of a data transmission; and

a monitoring facility which additionally seizes the used frequency channel during pauses between data transmissions, wherein

the monitoring facility is configured

to monitor the used frequency channel for an attempted seizure by a device which does not belong to the radio network and

to perform an additional seizure of the frequency channel as a function of a detection of the attempted seizure by the device which does not belong to the radio network.

24. The '326 Patent is valid, enforceable, and was duly and legally issued on Apr. 30, 2013, in full compliance with Title 35 of the United States Code.

25. NetConnect is the owner and the assignee of U.S. Patent No. 9,069,053 (the "'053 Patent"), entitled "Method for the computer-assisted processing of measurements of features in a radio network." NetConnect has ownership of all substantial rights in the '053 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future

infringement. A true and correct copy of the ’053 Patent is attached as **Exhibit E**. Claim 1 is an example of the claims asserted in the ’053 Patent.

26. Claim 1: A method for computer-supported processing of measurements of features of a radio network including a plurality of base stations, one or more mobile objects, and a plurality of evaluation units the method comprising for a respective mobile object:

selecting from the plurality of base stations a particular base station currently within radio range of the respective mobile object, said radio range of the respective mobile object providing at least one of reception of field transmitted by the respective mobile object at the selected base station and reception of a field transmitted by the selected base station at the respective mobile object;

associating the selected base station with the respective mobile device;

as a result of associating the selected base station with the respective mobile device:

accessing, by the selected base station, a neighborhood list for the selected base station that lists one or more other base stations of the plurality of base stations as neighboring base stations with respect to the selected base station;

informing, by the selected base station, each of the neighboring base stations listed in the accessed neighborhood list of the association between the selected base station and the respective mobile device;

receiving, at a particular evaluation unit assigned to the selected base station, from the selected base station and from each of the neighboring base stations of the selected base station, measurements taken by the neighboring base stations regarding a feature of the field transmitted by the respective mobile object and

evaluating, by the particular evaluation unit assigned to the selected base station, the measurements received from the selected base station and from each of the neighboring base stations of the selected base station.

27. The ’053 Patent is valid, enforceable, and was duly and legally issued on Jun. 30, 2015, in full compliance with Title 35 of the United States Code.

28. NetConnect is the owner and the assignee of U.S. Patent No. 9,414,297 (the “’297 Patent”), entitled “Method and network node for routing data packets in communication networks.” NetConnect has ownership of all substantial rights in the ’297 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the ’297 Patent is attached as **Exhibit F**. Claim 1 is an example of the claims asserted in the ’297 Patent.

29. Claim 1: A method of routing data packets in a wireless communication network formed from a plurality of network nodes, comprising:

transmitting data packets from a first network node acting as a source of the data packets to a second network node acting as a sink of the data packets with assistance of at least one further network node of the wireless communication network, the at least one further network node being disjoint with respect to the source node;

transmitting a first network message from the source node at least to one of the further network nodes such that the first network message is forwarded successively to each further network node until the further network node corresponds to the sink node, the first network message containing a value of a first validity period assigned to the first network message;

temporarily storing a first item of information about a next network node on a path to the source node and the value of the first validity period in a current further network node, the current

further network node having made route information available based on the first network message such that the first item of information and the value are able to be temporarily stored,

wherein the value of the first validity period is stored such that all first items of information remain stored at least until a second network message sent by the sink node and acknowledging the first network message has been received by the source node, the first validity period being a lifetime of a route from the sink node to the source node.

30. The ’297 Patent is valid, enforceable, and was duly and legally issued on Aug. 9, 2016, in full compliance with Title 35 of the United States Code.

31. The ’723, ’660, ’476, ’326, ’053, and ’297 Patents are collectively the “Patents-in-Suit” or the “Asserted Patents.”

## ACCUSED PRODUCTS

32. Sagemcom makes, uses, offers to sell, sells, and/or imports into the United States 4G LTE compatible devices that infringe claims of the Asserted Patents. Sagemcom’s infringing 4G LTE compatible devices include, but are not limited to, Sagemcom Fast 5688W Gateway, Tainy IQ-LTE, ZDUE-LTE-PLUS-VII, TAINY-IQ-LTE-6E, SICONIA SMARTY IQ-LTE, Fast 5688A, Fast 5984, MS212 LTE 450, XS212, Fast 5375 Air TDC, Fast 5370 Air GO Hybrid, Fast 4360 Air KPN, Fast 5370 Air Telia Hybrid Router, Fast 4360 Air Proximus, Fast 2704 AIR, FAST 5366 LTE, F@st 5360, and all other similar products (“Sagemcom 4G LTE Networking Products”).

33. Sagemcom makes, uses, offers to sell, sells, and/or imports into the United States 802.11ax or WiFi 6 compatible devices that infringe claims of the Asserted Patents. Sagemcom’s infringing 802.11ax or WiFi 6 compatible devices include, but are not limited to, Sagemcom Fast 5298 P Proximus Wi-Fi Router, FAST 266 EIR, LIVEBOX 6 (F5670v2), VSB3918 YOUSEE, FAST 3896, FAST 5670V2, FAST 399, Fast 5688W, SAX2V1S, Fast 5290, Fast 5380, Fast

5689E, FAST 5697, FAST 5671, FAST 266 EU, Fast 5359, Fast 5862L, Fast 5685LG, Fast 5688b-v2, Fast 5698E, Fast 368, Fast 3612, Fast 5670v2 (Funbox 6), Fast 5694E (Livebox 7), Fast 5698E, F380b, Fast 3897T, Fast 3896 V2.2, and all other similar products ("Sagemcom WiFi Networking Products").

34. Sagemcom makes, uses, offers to sell, sells, and/or imports into the United States EasyMesh solution compatible devices that infringe claims of the Asserted Patents. Sagemcom's infringing EasyMesh solution compatible devices include, but are not limited to, Sagemcom F@ST 266 V2 LG IE, FAST 266 V2 LG-ZG, F266v2LG-VMB,F@ST 266 V2 LG UK, FAST 266 V2 LG, F266 V2 LG-SR, F@st 5359 TalkTalk, FAST 380 Wi-Fi 7, F@ST 5988N, FAST 5359V2 EIR WLB, FAST 266V2 EIR WLB, WI-FI BOOSTER+ 7 (F380P), WIFI POD3 (FAST 281 TELE2), FAST 280 BG, F@ST 368E BREKO, FAST 280IL, FAST 266 V2 LG 02, FAST 281 YOUFIBRE, FAST 5598 TELE2, F@ST 568E DGF, FAST 381 YOUFIBRE, FAST 281 BRSK, FAST 381D DELTA, FAST 280 WI-FI 7 EXTENDER, F380BG, CELLCOM F@ST280IL, CELLCOM F@ST380IL, FAST 266 V2 TALKTALK, F@ST3612 PROXIMUS PREMIUM, FAST 266 V2 TOOB, FAST 266 V2 MASMOVIL, FAST 266 V2 LG-CH, FAST 266 V2 PROXIMUS, FAST 266 V2 SHELL, FAST 5670 V2 DNA, FAST 5670 V2 TMPL, FAST 266 V2 EIR, F@ST3612 PROXIMUS PREMIUM, FAST 266 SIMINN, DG WLAN PLUS VERSTARKER, FAST 5670, FAST 5670 ETH, FAST 5670ETH, FAST 5670 TMPL, FAST 266 V2 DNA, FAST 5671 VODA PT, DNA MESH WIFI F-5670, FAST 5862L, FAST 266 DNA, FAST 266 UK, WIFI BOX W6 BLACK, FAST 266 EU, SP01-VM, WI-FI BOOSTER V2, FAST 266 CH, FAST 266 CANALBOX, FAST 266 NJJ SALT, FAST 266 NJJ MONACO, F@ST 266 EIR WIFI EXTENDER, F@ST 266 EU, F@ST 286 TOOB, GO MESH F@ST286, F@ST 286

COM HEM SOLO, F@ST 286 COM HEM DUO, F@ST 286 VODAFONE SUPER WIFI, etc, and all other similar products ("Sagemcom EasyMesh Products").

35. Sagemcom makes, uses, offers to sell, sells, and/or imports into the United States Mesh Wi-Fi compatible devices that infringe claims of the Asserted Patents. Sagemcom's infringing Mesh Wi-Fi compatible devices include, but are not limited to FAST286 Mesh Wi-Fi Extender, FAST 380 WIFI 7, FAST 266 EIR, FAST 281 BRSK, FAST 5670, FAST 5988N, FAST 5359V2 EIR WLB, FAST 266V2 EIR WLB, WIFI BOOSTER+ 7, WIFI POD3, FAST 280 BG, FAST 368E Breko, FAST 280IL, FAST 5598 Tele2, FAST 266 V2 LG IE, FAST 281 Youfibre, FAST 568E DGF, FAST 381 Youfibre , FAST 381D Delta, FAST 280 WI-FI 7 Extender, F380BG, Cellcom FAST280IL, Cellcom FAST380IL, FAST 266 V2 Toob, FAST3612 Proximus Premium, FAST 266 V2 Talktalk, FAST 266 V2 Masmovil, FAST 266 V2 LG-CH, FAST 266 V2 LG-ZG, FAST 266 V2 Proximus, FAST 266 V2 Shell, FAST 266 V2 LG UK, FAST 5670 V2 DNA, FAST 5670 V2 TMPL, FAST 266 V2 EIR, FAST3612 Proximus Premium, FAST 266 SIMINN, DG WLAN PLUS VERSTÄRKER, FAST 5670 ETH, FAST 5670 TMPL, FAST 266 V2 DNA, FAST 5671 VODA PT, DNA Mesh WIFI F-5670, FAST 5862L, FAST 266 DNA, FAST 266 UK, WIFI BOX W6 BLACK, FAST 266 EU, SP01-VM, WIFI Booster V2, FAST 266 CH, FAST 266 Canalbox, FAST 266 NJJ Salt, FAST 266 NJJ Monaco, FAST 286 TOOB, FAST 286 COM HEM SOLO, FAST 286 COM HEM DUO and all other similar products ("Sagemcom Mesh Wi-Fi Products").

36. The Sagemcom 4G LTE Networking Products, Sagemcom WiFi Networking Products, Sagemcom EasyMesh Products, and Sagemcom Mesh Wi-Fi Products are collectively referred to as the "Accused Products."

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,676,723.**

37. The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

38. In violation of 35 U.S.C. § 271(a), Sagemcom has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the ’723 Patent by making, using, offering for sale, selling, and/or importing Sagemcom 4G LTE Networking Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’723 Patent without the authorization of NetConnect. For example, Sagemcom has directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the ’723 Patent, as detailed in **Exhibit G**.

39. As an example, as detailed in Exhibit G, Sagemcom, using the Sagemcom 4G LTE Networking Products, performs a method for protected transmission of data packets, the method comprising: a) dividing at least one of the data packets into a sequence of data blocks, dividing at least one of the data blocks into a sequence of data, wherein a coding for each data in said sequence of data is represented by a sequence of a predefined number of on and off values, b) forming a protection datum from the sequence of data and a protection block from the sequence of data blocks, c) generating a first data request to repeat transmission of said sequence of data if the protection datum transmitted together with the data differs from a protection datum formed in a same manner upon receipt of at least one data block, and d) generating a second data request to repeat transmission of said at least one data block if the protection block transmitted together with the data blocks differs from a protection block formed in a same manner upon receipt of at least one data packet.

40. In violation of 35 U.S.C. § 271(b), Sagemcom has induced their customers and/or end users and continues to induce their customers and/or end users to infringe, both literally and/or

under the doctrine of equivalents, at least Claim 1 of the ’723 Patent by providing instructions via their website(s), product manuals, user manuals, product support, or through other documents that induce their customers to directly infringe the ’723 Patent and by making, using, offering for sale, selling, and/or importing Sagemcom 4G LTE Networking Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’723 Patent without the authority of NetConnect.

41. In violation of 35 U.S.C. § 271(c), Sagemcom has actively contributed to direct infringement, and actively contributes to direct infringement of the ’723 Patent by making, using, offering for sale, selling, and/or importing components (including, but not limited to Sagemcom 4G LTE Networking Products), into the United States, including within this Judicial District, that infringe at least Claim 1 of the ’723 Patent without the authority of NetConnect. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the ’723 Patent.

42. The Sagemcom 4G LTE Networking Products are especially made and/or especially adapted for use with the claimed invention of at least Claim 1 of the ’723 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

43. Any non-infringing uses of the Sagemcom 4G LTE Networking Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

44. Sagemcom had knowledge of the ’723 Patent at least as of the date when it was notified of the filing of this action.

45. NetConnect, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’723 Patent.

46. Unless enjoined by this Court, Sagemcom will continue to infringe the ’723 Patent.

47. Because of Sagemcom’s infringing activities, NetConnect has suffered damages and will continue to suffer damages in the future.

48. Sagemcom’s continuing acts of infringement are willful, entitling NetConnect to increased damages under 35 U.S.C. § 284 and attorneys’ fees and costs in prosecuting this action under 35 U.S.C. § 285.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,111,660.**

49. The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

50. In violation of 35 U.S.C. § 271(a), Sagemcom has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the ’660 Patent by making, using, offering for sale, selling, and/or importing Sagemcom WiFi Networking Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’660 Patent without the authorization of NetConnect. For example, Sagemcom has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the ’660 Patent, as detailed in **Exhibit H**.

51. As an example, as detailed in Exhibit H, Sagemcom, using the Sagemcom WiFi Networking Products, performs a method of transmitting data by radio, comprising: using a plurality of subcarriers of a frequency band and a plurality of antennas for transmission such that each antenna transmits data using the plurality of the subcarriers; dividing data for transmission into a plurality of elements such that the number of data elements corresponds to the number of subcarriers; for each antenna, assigning each element to a subcarrier for transmission, such that for at least two antennas and at least one subcarrier, different elements are assigned to said one

subcarrier; and before performing an OFDM modulation for each antenna, multiplying each element by an antenna-specific and an element-specific factor.

52. In violation of 35 U.S.C. § 271(b), Sagemcom has induced their customers and/or end users and continues to induce their customers and/or end users to infringe, both literally and/or under the doctrine of equivalents, at least Claim 1 of the ’660 Patent by providing instructions via their website(s), product manuals, user manuals, product support, or through other documents that induce their customers to directly infringe the ’660 Patent and by making, using, offering for sale, selling, and/or importing Sagemcom WiFi Networking Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’660 Patent without the authority of NetConnect.

53. In violation of 35 U.S.C. § 271(c), Sagemcom has actively contributed to direct infringement, and actively contributes to direct infringement of the ’660 Patent by making, using, offering for sale, selling, and/or importing components (including, but not limited to Sagemcom WiFi Networking Products), into the United States, including within this Judicial District, that infringe at least Claim 1 of the ’660 Patent without the authority of NetConnect. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the ’660 Patent.

54. The Sagemcom WiFi Networking Products are especially made and/or especially adapted for use with the claimed invention of at least Claim 1 of the ’660 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

55. Any non-infringing uses of the Sagemcom WiFi Networking Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

56. Sagemcom had knowledge of the ’660 Patent at least as of the date when it was notified of the filing of this action.

57. NetConnect, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’660 Patent.

58. Unless enjoined by this Court, Sagemcom will continue to infringe the ’660 Patent.

59. Because of Sagemcom’s infringing activities, NetConnect has suffered damages and will continue to suffer damages in the future.

60. Sagemcom’s continuing acts of infringement are willful, entitling NetConnect to increased damages under 35 U.S.C. § 284 and attorneys’ fees and costs in prosecuting this action under 35 U.S.C. § 285.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,170,476.**

61. The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

62. In violation of 35 U.S.C. § 271(a), Sagemcom has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the ’476 Patent by making, using, offering for sale, selling, and/or importing Sagemcom 4G LTE Networking Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’476 Patent without the authorization of NetConnect. For example, Sagemcom has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the ’476 Patent, as detailed in **Exhibit I**.

63. As an example, as detailed in Exhibit I, Sagemcom, using the Sagemcom 4G LTE Networking Products, performs a method for transmitting data packets in a radio system between a transmitter and a receiver, comprising: determining a specified nominal emission power for a

data packet relative to a required reception quality; transmitting the data packet with a first effective emission power, the first effective emission power being the nominal emission power or an emission power deviated from said nominal emission power due to certain boundary conditions; when the first effective emission power is less than the specified nominal emission power, deriving a new nominal emission power by adding the difference between the first effective emission power and the specified nominal emission power to the specified nominal emission power; retransmitting the data packet with a second effective emission power, the second effective emission power being the new nominal emission power or an emission power deviated from the new nominal emission power due to certain boundary conditions; and repeating the deriving and retransmitting until the effective applied emission power is equal to the specified nominal emission power; and when the first effective emission power is greater than or equal to the specified nominal emission power, retransmitting the data packet with the specified nominal emission power.

64. In violation of 35 U.S.C. § 271(b), Sagemcom has induced their customers and/or end users and continues to induce their customers and/or end users to infringe, both literally and/or under the doctrine of equivalents, at least Claim 1 of the ’476 Patent by providing instructions via their website(s), product manuals, user manuals, product support, or through other documents that induce their customers to directly infringe the ’476 Patent and by making, using, offering for sale, selling, and/or importing Sagemcom 4G LTE Networking Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’476 Patent without the authority of NetConnect.

65. In violation of 35 U.S.C. § 271(c), Sagemcom has actively contributed to direct infringement, and actively contributes to direct infringement of the ’476 Patent by making, using, offering for sale, selling, and/or importing components (including, but not limited to Sagemcom

4G LTE Networking Products), into the United States, including within this Judicial District, that infringe at least Claim 1 of the ’476 Patent without the authority of NetConnect. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the ’476 Patent.

66. The Sagemcom 4G LTE Networking Products are especially made and/or especially adapted for use with the claimed invention of at least Claim 1 of the ’476 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

67. Any non-infringing uses of the Sagemcom 4G LTE Networking Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

68. Sagemcom had knowledge of the ’476 Patent at least as of the date when it was notified of the filing of this action.

69. NetConnect, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’476 Patent.

70. Unless enjoined by this Court, Sagemcom will continue to infringe the ’476 Patent.

71. Because of Sagemcom’s infringing activities, NetConnect has suffered damages and will continue to suffer damages in the future.

72. Sagemcom’s continuing acts of infringement are willful, entitling NetConnect to increased damages under 35 U.S.C. § 284 and attorneys’ fees and costs in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,433,326.**

73. The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

74. In violation of 35 U.S.C. § 271(a), Sagemcom has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the ’326 Patent by making, using, offering for sale, selling, and/or importing Sagemcom WiFi Networking Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’326 Patent without the authorization of NetConnect. For example, Sagemcom has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the ’326 Patent, as detailed in **Exhibit J**.

75. As an example, as detailed in Exhibit J, Sagemcom, using the Sagemcom WiFi Networking Products, provides a radio network, comprising: frequency channels; devices transmitting data which use one of the frequency channels for a duration of a data transmission; and a monitoring facility which additionally seizes the used frequency channel during pauses between data transmissions, wherein the monitoring facility is configured to monitor the used frequency channel for an attempted seizure by a device which does not belong to the radio network and to perform an additional seizure of the frequency channel as a function of a detection of the attempted seizure by the device which does not belong to the radio network.

76. In violation of 35 U.S.C. § 271(b), Sagemcom has induced their customers and/or end users and continues to induce their customers and/or end users to infringe, both literally and/or under the doctrine of equivalents, at least Claim 1 of the ’326 Patent by providing instructions via their website(s), product manuals, user manuals, product support, or through other documents that induce their customers to directly infringe the ’326 Patent and by making, using, offering for sale, selling, and/or importing Sagemcom WiFi Networking Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’326 Patent without the authority of NetConnect.

77. In violation of 35 U.S.C. § 271(c), Sagemcom has actively contributed to direct infringement, and actively contributes to direct infringement of the ’326 Patent by making, using, offering for sale, selling, and/or importing components (including, but not limited to Sagemcom WiFi Networking Products), into the United States, including within this Judicial District, that infringe at least Claim 1 of the ’326 Patent without the authority of NetConnect. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the ’326 Patent.

78. The Sagemcom WiFi Networking Products are especially made and/or especially adapted for use with the claimed invention of at least Claim 1 of the ’326 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

79. Any non-infringing uses of the Sagemcom WiFi Networking Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

80. Sagemcom had knowledge of the ’326 Patent at least as of the date when it was notified of the filing of this action.

81. NetConnect, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’326 Patent.

82. Unless enjoined by this Court, Sagemcom will continue to infringe the ’326 Patent.

83. Because of Sagemcom’s infringing activities, NetConnect has suffered damages and will continue to suffer damages in the future.

84. Sagemcom’s continuing acts of infringement are willful, entitling NetConnect to increased damages under 35 U.S.C. § 284 and attorneys’ fees and costs in prosecuting this action under 35 U.S.C. § 285.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 9,069,053.**

85. The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

86. In violation of 35 U.S.C. § 271(a), Sagemcom has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the ’053 Patent by making, using, offering for sale, selling, and/or importing Sagemcom EasyMesh Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’053 Patent without the authorization of NetConnect. For example, Sagemcom has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the ’053 Patent, as detailed in **Exhibit K**.

87. As an example, as detailed in Exhibit K, Sagemcom, using the Sagemcom EasyMesh Products, performs a method for computer-supported processing of measurements of features of a radio network including a plurality of base stations, one or more mobile objects, and a plurality of evaluation units the method comprising for a respective mobile object: selecting from the plurality of base stations a particular base station currently within radio range of the respective mobile object, said radio range of the respective mobile object providing at least one of reception of field transmitted by the respective mobile object at the selected base station and reception of a field transmitted by the selected base station at the respective mobile object; associating the selected base station with the respective mobile device; as a result of associating the selected base station with the respective mobile device: accessing, by the selected base station, a neighborhood list for the selected base station that lists one or more other base stations of the plurality of base stations as neighboring base stations with respect to the selected base station; informing, by the selected base station, each of the neighboring base stations listed in the accessed neighborhood list of the association between the selected base station and the respective mobile device; receiving, at

a particular evaluation unit assigned to the selected base station, from the selected base station and from each of the neighboring base stations of the selected base station, measurements taken by the neighboring base stations regarding a feature of the field transmitted by the respective mobile object and evaluating, by the particular evaluation unit assigned to the selected base station, the measurements received from the selected base station and from each of the neighboring base stations of the selected base station.

88. In violation of 35 U.S.C. § 271(b), Sagemcom has induced their customers and/or end users and continues to induce their customers and/or end users to infringe, both literally and/or under the doctrine of equivalents, at least Claim 1 of the ’053 Patent by providing instructions via their website(s), product manuals, user manuals, product support, or through other documents that induce their customers to directly infringe the ’053 Patent and by making, using, offering for sale, selling, and/or importing Sagemcom EasyMesh Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’053 Patent without the authority of NetConnect.

89. In violation of 35 U.S.C. § 271(c), Sagemcom has actively contributed to direct infringement, and actively contributes to direct infringement of the ’053 Patent by making, using, offering for sale, selling, and/or importing components (including, but not limited to Sagemcom EasyMesh Products), into the United States, including within this Judicial District, that infringe at least Claim 1 of the ’053 Patent without the authority of NetConnect. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the ’053 Patent.

90. The Sagemcom EasyMesh Products are especially made and/or especially adapted for use with the claimed invention of at least Claim 1 of the ’053 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

91. Any non-infringing uses of the Sagemcom EasyMesh Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

92. Sagemcom had knowledge of the ’053 Patent at least as of the date when it was notified of the filing of this action.

93. NetConnect, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’053 Patent.

94. Unless enjoined by this Court, Sagemcom will continue to infringe the ’053 Patent.

95. Because of Sagemcom’s infringing activities, NetConnect has suffered damages and will continue to suffer damages in the future.

96. Sagemcom’s continuing acts of infringement are willful, entitling NetConnect to increased damages under 35 U.S.C. § 284 and attorneys’ fees and costs in prosecuting this action under 35 U.S.C. § 285.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 9,414,297.**

97. The allegations set forth in the foregoing paragraphs are hereby realleged and incorporated herein by reference.

98. In violation of 35 U.S.C. § 271(a), Sagemcom has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the ’297 Patent by making, using, offering for sale, selling, and/or importing Sagemcom Mesh Wi-Fi Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’297 Patent without the authorization of NetConnect. For example, Sagemcom has directly infringed

and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the ’297 Patent, as detailed in **Exhibit L**.

99. As an example, as detailed in Exhibit L, Sagemcom, using the Sagemcom Mesh Wi-Fi Products, performs a method of routing data packets in a wireless communication network formed from a plurality of network nodes, comprising: transmitting data packets from a first network node acting as a source of the data packets to a second network node acting as a sink of the data packets with assistance of at least one further network node of the wireless communication network, the at least one further network node being disjoint with respect to the source node; transmitting a first network message from the source node at least to one of the further network nodes such that the first network message is forwarded successively to each further network node until the further network node corresponds to the sink node, the first network message containing a value of a first validity period assigned to the first network message; temporarily storing a first item of information about a next network node on a path to the source node and the value of the first validity period in a current further network node, the current further network node having made route information available based on the first network message such that the first item of information and the value are able to be temporarily stored, wherein the value of the first validity period is stored such that all first items of information remain stored at least until a second network message sent by the sink node and acknowledging the first network message has been received by the source node, the first validity period being a lifetime of a route from the sink node to the source node.

100. In violation of 35 U.S.C. § 271(b), Sagemcom has induced their customers and/or end users and continues to induce their customers and/or end users to infringe, both literally and/or under the doctrine of equivalents, at least Claim 1 of the ’297 Patent by providing instructions via

their website(s), product manuals, user manuals, product support, or through other documents that induce their customers to directly infringe the ’297 Patent and by making, using, offering for sale, selling, and/or importing Sagemcom Mesh Wi-Fi Products in the United States, including within this Judicial District, that infringe at least Claim 1 of the ’297 Patent without the authority of NetConnect.

101. In violation of 35 U.S.C. § 271(c), Sagemcom has actively contributed to direct infringement, and actively contributes to direct infringement of the ’297 Patent by making, using, offering for sale, selling, and/or importing components (including, but not limited to Sagemcom Mesh Wi-Fi Products), into the United States, including within this Judicial District, that infringe at least Claim 1 of the ’297 Patent without the authority of NetConnect. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the ’297 Patent.

102. The Sagemcom Mesh Wi-Fi Products are especially made and/or especially adapted for use with the claimed invention of at least Claim 1 of the ’297 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

103. Any non-infringing uses of the Sagemcom Mesh Wi-Fi Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

104. Sagemcom had knowledge of the ’297 Patent at least as of the date when it was notified of the filing of this action.

105. NetConnect, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’297 Patent.

106. Unless enjoined by this Court, Sagemcom will continue to infringe the ’297 Patent.

107. Because of Sagemcom's infringing activities, NetConnect has suffered damages and will continue to suffer damages in the future.

108. Sagemcom's continuing acts of infringement are willful, entitling NetConnect to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

109. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NetConnect demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

110. NetConnect respectfully requests that this Court enter judgment in NetConnect's favor and against Sagemcom as follows:

A. That Sagemcom has directly and indirectly infringed at least one claim from each of the Asserted Patents;

B. That Sagemcom's infringement has been willful;

C. An award of damages to be paid by Sagemcom adequate to compensate NetConnect for Sagemcom's infringement of the Asserted Patents and in no event less than a reasonable royalty together with interests and costs;

D. An award of treble damages in accordance with 35 U.S.C. § 284;

E. An order enjoining Sagemcom and its officers, agents, servants, employees, users, attorneys, and all those persons in active concert or participation with Sagemcom from the acts described in this Complaint;

F. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of NetConnect's reasonable attorneys' fees; and

G. Any other relief at law or in equity as the Court deems just and proper.

Dated: August 14, 2026 Respectfully submitted,

*/s/ Gary R. Sorden*

Gary R. Sorden
Texas Bar No. 24066124
gsorden@coleschotz.com
James C. Williams
Texas Bar No. 24075284
jwilliams@coleschotz.com
Timothy J.H. Craddock
Texas Bar No. 24082868
tcraddock@coleschotz.com
Arjun Nair
Texas Bar No. 24120122
anair@coleschotz.com
Seokin Yeh
Texas Bar No. 24131942
syeh@coleschotz.com
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587

**ATTORNEYS FOR PLAINTIFF NETCONNECT WIRELESS LLC**